THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DOROTEO CORTÉS, *alias* Deo, Defendant and Appellant.

No. 13968.  Argued November 7, 1949.—Decided November 14, 1949.

---

454

*Guillermo Bauzá* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged with possession of certain materials which could be and were being used in playing *bolita,* in violation of § 4, Act No. 220, Laws of Puerto Rico, 1948.[1] He was tried, convicted and sentenced to a year in jail. The first assignment is directed against the order of the district court overruling the motion for suppression of evidence.

The evidence in question was obtained by a search of the defendant's premises which was authorized by a search warrant. The warrant was based on an affidavit by a policeman in which he swore that he had personally seen the defendant on the latter's premises engaging in various activities

---

[1] Section 4 reads in part as follows:

"Section 4.—Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete,* ticket, notebook, list of numbers or letters, slips, or implements which can be used for the unlawful games of *bolita, bolipul,* combinations connected with the pools or *bancas* of the racetracks of Puerto Rico, and clandestine lotteries, and any person who possesses, sells, or in any way transports these or any other similar ones which may be utilized or used in said unlawful games or connected with the practice thereof, shall be guilty of a public offense. . ."

and handling certain materials which are necessary for operation of a *bolita* game. In view of the terms of the affidavit, the defendant contends that the search warrant was predicated on an affidavit charging him with administering or operating a *bolita* game in violation of § 10 of Act No. 220, whereas he was thereafter charged with the different crime of possession of *bolita* materials under § 4. He then argues that the fruits of a search under a warrant for evidence of one crime may not be introduced in evidence at the trial on a charge of another crime.

We need not determine if this contention would be valid (1) if the articles seized were not described in the warrant or (2) if the crimes charged in the affidavit and the information were wholly unrelated, or (3) if the materials seized were innocent objects rather than instrumentalities of crime. Cf. *Marron v. United States,* 275 U. S. 192; Annotation, 169 A.L.R. 1419; Ramsey, Acquisition of Evidence by Search and Seizure, 47 Mich.L.Rev. 1137. Neither of these conditions obtains here. The articles seized are actually described in the affidavit; the charges of possession of *bolita* materials and operation of a *bolita* game are both included under the same statute and are aimed at the same evil; and the objects seized are instrumentalities of crime. The fruits of the search based on an affidavit charging operation of a *bolita* game were therefore clearly admissible under the information charging possession of such contraband materials. *Gouled v. United States,* 255 U. S. 298, 311–12; see *Harris v. United States,* 331 U. S. 145, 154–55.

The second assignment is that the People failed to prove a violation of § 4. The search of the premises of the defendant uncovered considerable materials which undoubtedly could be and were being used in a game of *bolita.* However, the testimony shows that the search took place after the detectives had served the warrant on the wife of the defendant because the latter was not at home at the time.

Under the foregoing circumstances, the defendant argues that the People failed to prove its charge. His theory is that the information alleged that the defendant had violated § 4 in that he "was *caught* while. .·. he had in his possession and was *manipulating*" various *bolita* materials. He argues that acquittal on this charge must follow, since he was not apprehended while he was in physical possession or while he was "manipulating" *bolita* materials.

Apparently, the theory of the defendant is that a substantial variance exists between the information and the testimony. We cannot agree. Undoubtedly, in the light of the facts of this case, the information was inartistically drawn. There was no need to charge that the defendant was "caught" with these materials and was "manipulating" them. However, the fact remains that the information also charged that the defendant was in possession thereof, in violation of § 4, and that a search of his premises uncovered them. The defendant did not plead surprise as to the charge on which he was being tried and ask for a continuance. Possession in violation of § 4 having been established, the allegations that the defendant was "caught" with these materials and was "manipulating" them may be treated as surplusage.

The judgment of the district court will be affirmed.